## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PAULETTE S. EATON,
                Appellant,

        v.

UNITED STATES POSTAL SERVICE,
                Agency.

DOCKET NUMBER
CH-0353-14-0363-I-1

DATE: February 6, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Paulette S. Eaton, Chicago, Illinois, pro se.

Deborah W. Carlson, Esquire, Chicago, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of the agency's failure to restore her to work as a partially recovered employee. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The following facts are not in dispute. The appellant was a City Carrier and she sustained an on-the-job injury on January 22, 2011, which left her unable to perform the duties of her position. Initial Appeal File (IAF), Tab 1 at 1, 14. Her injury was compensable and she has been receiving benefits from the Office of Workers' Compensation Programs since June 27, 2011. *Id*. at 14. On October 15, 2013, the agency notified the appellant that she would be separated effective November 18, 2013, because her continuous absence from duty for more than 1 year indicated that she would be unlikely to return to work anytime soon.[2] *Id*. at 9.

¶3    The appellant subsequently filed a restoration appeal with the Board, alleging that: she suffered an on-the-job injury; she could perform certain tasks; and she attempted, on several occasions, to return to work; but the postmaster sent her home. IAF, Tab 1 at 2, 6-7. In support of her appeal, the appellant submitted various documents, including duty status reports and work capacity

---

[2] The agency separated the appellant from service effective December 16, 2013. IAF, Tab 11 at 229.

evaluations signed by physicians identifying her physical restrictions.[3] IAF, Tab 1 at 4-19, Tab 18 at 1-2. The administrative judge issued an order stating the burden of proof applicable to a partially-recovered individual bringing a restoration appeal, and the parties responded. IAF, Tab 14 at 1-2, Tab 15, Tabs 17-18.

¶4 The agency filed a motion to dismiss the appeal and attached over 500 pages of documents to support the motion. IAF, Tab 11. In the motion, the agency argued that the appellant had not recovered sufficiently to return to work and provided voluminous evidence showing that the agency conducted nine searches within 50 miles of the appellant's home office and identified no tasks or work available within her medical restrictions. IAF, Tab 11 at 13-26 of 355. The agency asserted that the searches were conducted in accordance with the agency's regulations and provided evidence of the searches and search results. IAF, Tab 11 at 26-74 of 297, 289-296 of 297, 14 of 335, 329 of 355, and 247-324 of 355.

¶5 The administrative judge granted the agency's motion and dismissed the appeal for lack of jurisdiction without holding a hearing. IAF, Tab 19, Initial Decision (ID) at 2. The administrative judge found that the appellant failed to allege facts that, if true, would establish the Board's jurisdiction over her appeal as a partially-recovered employee entitled to work under 5 C.F.R. § 353.301(d). ID at 1, 4. The administrative judge further found that the appellant's submissions indicated that she suffered from substantially the same limitations in 2014, that she suffered from in 2011, and she failed to make a nonfrivolous

---

[3] According to the appellant's August 19, 2013 duty status report, her medical restrictions limited her to no more than 6 hours a day of intermittent, simple grasping (10 pounds maximum) and no more than 2 hours per day of lifting or carrying (10 pounds maximum), fine manipulation (including keyboarding), sitting, standing or walking. IAF, Tab 11 at 286 of 335. The appellant also could not climb, kneel, bend or stoop, twist, pull or push, reach above the shoulder, or drive. *Id*. The appellant's updated medical restrictions, dated July 10, 2014, remained the same other than a change allowing her to drive for 2 hours a day. IAF, Tab 18 at 1-2.

allegation that the agency failed to conduct a proper search on her behalf. ID at 4-5. In reaching her decision, the administrative judge considered the "voluminous evidence" in the record showing that the agency conducted nine job searches within a 50-mile radius, between March 2011, and October 2013, which located no work within the appellant's medical restrictions. ID at 3.

¶6          The appellant filed a petition for review essentially restating the allegations she made on appeal, specifically that: she could perform certain tasks at a processing center, such as sorting mail, answering phones, and filing; the agency accommodated other injured employees; and the agency could have made up a job to accommodate her. Petition for Review (PFR) File, Tab 1 at 3-5; *see* IAF, Tab 1 at 6-7, Tab 18 at 3. The appellant also alleged, for the first time on review, that the agency could have sent her to supervisor training or made her an uncertified supervisor. PFR File, Tab 1 at 4.

¶7          The agency responded in opposition to the appellant's petition, arguing in pertinent part that the appellant failed to make a nonfrivolous allegation that the agency's actions were arbitrary and capricious because the agency conducted numerous job searches within 50 miles of her home office and found no work available within her restrictions. PFR File, Tab 3 at 6-7. The agency also stated that it is not required to make up work for the appellant. *Id*. at 6.

¶8          The Federal Employees' Compensation Act and its implementing regulations at 5 C.F.R. part 353 provide, inter alia, that federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions. 5 U.S.C. § 8151; *Manning v. U.S. Postal Service*, 118 M.S.P.R. 313, ¶ 6 (2012); *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 9 (2012). Under 5 C.F.R. § 353.304(c), "[a]n individual who is partially recovered from a compensable injury may appeal to the MSPB for a determination of whether the agency is acting arbitrarily and capriciously in denying restoration." A partially-recovered employee is an injured employee who, although not ready to resume the full range of his or her regular duties, has

recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements. 5 C.F.R. § 353.102. If the appellant makes a nonfrivolous allegation of jurisdiction, she is entitled to a jurisdictional hearing at which she must prove jurisdiction by preponderant evidence.[4] *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1102, 1106 (2011).

¶9 In order to establish jurisdiction over a restoration appeal as a partially-recovered individual under 5 C.F.R. § 353.304(c), an appellant must prove by preponderant evidence that: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the agency's denial was arbitrary and capricious because of the agency's failure to perform its obligations under 5 C.F.R. § 353.301(d). *Bledsoe,* 659 F.3d at 1104; *Latham,* 117 M.S.P.R. 400, ¶ 10. The Office of Personnel Management's regulations require agencies to "make every effort to restore in the local commuting area, according to the circumstances in each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty." 5 C.F.R. §§ 353.102, .301(d). If the appellant establishes jurisdiction over her restoration claim, she also prevails on the merits. *Latham*, 117 M.S.P.R. 400, ¶ 10 & n.9.

¶10 Assuming arguendo that the appellant's allegations satisfied the first three jurisdictional elements, we find that she did not make a nonfrivolous allegation of jurisdiction over her appeal as a partially-recovered individual with restoration

---

[4] The initial decision misstated the burden of proof for establishing jurisdiction by stating that the appellant is only required to make nonfrivolous allegations of the four jurisdictional elements to establish jurisdiction over her restoration appeal. ID at 2. Actually, the appellant is required to prove all four elements by preponderant evidence to establish jurisdiction over her restoration appeal. *See Latham*, 117 M.S.P.R. 400, ¶ 10. Although the administrative judge understated the jurisdictional requirements that the appellant was required to meet, we find that this error did not harm the appellant.

rights because she failed to satisfy the fourth jurisdictional element. *See* 5 C.F.R. § 353.304(c). Evidence that the agency failed to search the local commuting area as required by 5 C.F.R. § 353.301(d) constitutes a nonfrivolous allegation that the agency acted arbitrarily and capriciously in denying restoration, and the agency in this case proffered extensive evidence showing that its search was proper. *See Urena v. U.S. Postal Service*, 113 M.S.P.R. 6, ¶ 13 (2009). On review, however, the appellant does not allege that there were tasks within her restrictions that were actually available or submit evidence or argument that the agency's search was deficient under 5 C.F.R. § 353.301(d).[5] Accordingly, we find that the appellant did not make a nonfrivolous allegation that the agency acted arbitrarily and capriciously in denying her restoration.

¶11       For the first time on review, the appellant argues that the agency could train her to be a supervisor or make her an uncertified supervisor. PFR File, Tab 1 at 4. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence, and the appellant has made no such showing here. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Although the appellant also restates her allegation that the agency accommodated other individuals, she does not allege that those employees had the same restrictions. PFR File, Tab 1 at 4. Moreover, assuming the truth of this allegation does not satisfy the appellant's burden of proof under the applicable jurisdictional criteria. Finally, the appellant also

---

[5] In *Latham*, the Board held that, pursuant to the Employee and Labor Relations Manual § 546 and EL–505, chapters 7 and 11, the Postal Service agreed to restore partially-recovered individuals to duty in whatever tasks are *available* regardless of whether those tasks comprise the essential functions of an established position. *Latham*, 117 M.S.P.R. 400, ¶ 26. Although the appellant in this case has alleged that the agency was required to make up work within her restrictions and describes tasks she can perform, she does not specifically allege that any of those tasks were available or otherwise cast doubt on the agency's documented search results. PFR File, Tab 1 at 4-5.

indicates that she has important new documents or evidence that she did not file with the administrative judge; however, she has not submitted this evidence to the Board. *Id*. at 3. Accordingly, we find no reason to disturb the administrative judge's decision dismissing this appeal for lack of jurisdiction.[6]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

---

[6] It also appears that conditions underlying the appellant's medical restrictions may be permanent and that she may be "physically disqualified" as that term is defined under 5 C.F.R. § 353.102. IAF, Tab 15 at 1, 4; PFR File, Tab 3 at 7-8. Because more than 1 year has passed since the appellant was first eligible for workers' compensation, the administrative judge correctly analyzed the appellant's restoration rights as those of a partially-recovered employee. IAF, Tab 13 at 3; *see Kravitz v. Department of the Navy,* 104 M.S.P.R. 483, ¶ 5 (2007); 5 C.F.R. § 353.301(c), (d).

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: 		_____
				William D. Spencer
				Clerk of the Board

Washington, D.C.